## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| James Dawson, *et al.,*<br><br>     *Plaintiffs,*<br><br>v.<br><br>Jackson and Tull Chartered<br>Engineers,  *et al.,*<br><br>     *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:01CV00337
Judge Henry H. Kennedy

**FILED**

'JUL 2 3 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs

James Dawson and Nathaniel Makoni ("Plaintiffs") and Defendants Jackson

and Tull Chartered Engineers and Mr. Knox  W. Tull, Jr. ("Defendants") hereby

stipulate and agree, subject to approval of the Court, to entry of the following

Confidentiality Stipulation and Protective Order:

1.     This Confidentiality Stipulation and Protective Order (the "Order")

shall govern the use and disclosure of all Confidential Information produced by

or on behalf of any party or furnished by any person associated with any party

in any and all complaints, depositions, interrogatories, requests for admission,

document productions or any other discovery proceeding in this action.

2.     "Confidential Information" as used in this Order shall mean any

and all documents, and other material containing or reflecting private and



*17*

personal portions of personnel records, financial records, proprietary information, commercial information and trade secret information.

3.     Any party may designate as "CONFIDENTIAL" any document or other material that the designating party and/or its counsel believe in good faith contains or reflects Confidential Information.  The designation of documents or other materials as "CONFIDENTIAL" shall be made by written notice in or on the documents or materials designated or by providing a separate written notice to counsel for the opposing party clearly identifying precisely what is to be deemed confidential.  The designation of portions of testimony for which confidential treatment is sought shall be made promptly after receipt of a transcript thereof by the designating party.

4.     Challenges to confidentiality designations may be made by any party as set forth in Paragraph 12 below.

5.     Except upon further order of the Court or by express written consent of counsel of record, materials designated as "CONFIDENTIAL" shall be used or disclosed by the receiving party solely for purposes of prosecuting or defending this action and shall not be revealed, discussed, or disclosed to any person or entity other than:

(a)     The receiving party, and its officers, employees, directors, and agents;

(b)     The members of, attorneys associated with, and employees of the law firms which entered appearances in this litigation;

(c)    Experts or assistants retained or employed by any party for the purposes of this action;

(d)    The Court in this action, arbitrators or mediators or any other court having jurisdiction over discovery procedures in the action, any court reporter or typist recording or transcribing testimony in this action, and any outside, independent reproduction firm; or

(e)    Other persons who may be specifically designated by consent of all attorneys of record or pursuant to Court order.

6.    Prior to disclosure to any person, pursuant to subparagraphs 5(a), 5(b), 5(c) or 5(e) hereof, of Confidential Information held by any party, such person shall be furnished with a copy of this Order and shall be required to certify in writing that he or she has read this Order, understands it, and agrees to be bound by its terms.  Such certification shall be in the form of Attachment A hereto.

7.    The recipient of any Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information; and shall not reveal, discuss or disclose such Confidential Information in any manner or in any form, to any person or any entity other than as provided in this Order.

3

8.      Any Confidential Information filed with the Court or included, referred to or quoted from in whole or in part in pleadings, motions, or briefs shall be filed under seal with a cover label bearing the caption of the action and containing the following notice:  TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, DATED _____, 2001.

9.      At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to the terms of this Order, any notes taken from said Confidential Information, except notes constituting attorney work product, the confidentiality of which is assured under pre-existing rules governing attorney work product, and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing said Confidential Information or destroyed (and certified by affidavit or declaration as having been destroyed) by the party in possession thereof.

10.     The terms of this Stipulation and Order shall survive any final disposition of this case and shall continue to bind recipients of Confidential Information. The Court shall retain jurisdiction with regard to enforcement or modification of any provisions of this Order or of the agreement of any individual to comply with this Order, which jurisdiction shall continue after the final disposition of the action.  The final resolution of this case shall not thereafter relieve any party to whom Confidential Information was disclosed from the obligation to maintain the confidentiality of all such information.

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is acquired by the non-designating party from a third party lawfully possessing such information; or (c) was lawfully possessed by the non-designating party prior to discovery in this action.

12.    This Order shall be without prejudice to the right of any party to bring before the Court by an appropriate motion the question of (a) whether any particular material is or is not confidential; or (b) whether any particular material is or is not relevant to any issue in this case, provided the party has complied with the procedures set forth herein.  If a party files a motion challenging another party's designation of Confidential Information, the designating party shall bear the burden of establishing that the document(s) or other material(s) in question is (are) entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  No party, by entering into this Order, concedes that any document, material or information classified by any other party as Confidential Information or any documents, transcripts or other material reflecting claimed Confidential Information, does in fact contain or reflect the name, address, or other identifying characteristics of potential or scheduled witnesses.

13.    Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that

LEFTWICH & DOUGLAS, P.L.L.C.

BY: _Rebecca L. Taylor_

Natalie O. Ludaway #405149
Rebecca L. Taylor #443401
1401 New York Avenue, N.W.
Suite 600
Washington, D.C.  20005


Dated: July 18, 2001

Attorneys for Defendants
Jackson and Tull Chartered Engineers and
Mr. Knox Tull, Jr.



7

information or to prevent any party from interposing an objection to a request for discovery.

14.     The parties hereto reserve all rights to apply to the Court for an order (i) modifying this Order, (ii) seeking further protection against discovery or other use of Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information, or (iii) seeking further production, discovery, disclosure or use of claimed Confidential Information, or documents, transcripts, or other materials reflecting Confidential Information.

Read and Agreed to:

JAMES & HOFFMAN, P.C.

BY: _Steven K. Hoffman_
Steven K. Hoffman #384696
1101 17th Street, NW, Suite 510
Washington, D.C.  20036

Attorneys for Plaintiffs
James Dawson and Nathaniel Makoni

Dated: July 18, 2001

SO ORDERED this __23rd__ day of July, 2001:

_Henry H. Kennedy_
Henry H. Kennedy, Jr.
United States District Judge

6

**Attachment A**

**CONSENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

I, _____, who maintain my address at

_____, and am employed by

_____, hereby acknowledge that I may

receive information designated as Confidential Information under the

Confidentiality Stipulation and Protective Order (the "Order") entered into on

_____, 2001, in the civil action stated <u>James Dawson, *et al. v.*</u>

<u>*Jackson and Tull Chartered Engineers, et al.*</u>, Civil Action No. 1:00-CV-000337.

I certify that I have read the Order, and I agree not to disclose any Confidential

Information that is produced subject to or is otherwise covered by the Order to

any person not entitled to receive disclosure of such Confidential Information

under the provisions of such Order.  I agree to use any Confidential

Information solely for the purposes appropriate to my participation in

connection with this case.  I agree to abide by the Order in every respect.

I declare under penalty of perjury and upon personal knowledge

that the foregoing is true and correct.


Executed this ____ day of _____, 2001.